# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 18-CR-169

**XAVIER CARTER,**

    Defendant.

## RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

On August 14, 2018, a grand jury sitting in the Eastern District of Wisconsin returned a three-count indictment against defendant Xavier Carter. Indictment, ECF No. 1. The indictment charges Mr. Carter with being a felon in possession of a firearm, in violation of 21 U.S.C. 922(g)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. 841; and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. 924(c). This matter is assigned to United States District Judge Pamela Pepper for trial and to this Court for pretrial motions.

Currently pending before this Court is Mr. Carter's motion to suppress evidence and request for evidentiary hearing. Motion to Suppress Evidence and Request for Evidentiary Hearing, ECF No. 17. For the reasons that follow, the Court will recommend that Mr. Carter's motion be denied.

    **I.    Background**

1

The following facts are taken from Mr. Carter's Motion to Suppress. On May 14, 2018, Mr. Carter bought a used car at a gas station on the north side of Milwaukee, Wisconsin. Def.'s Mot to Suppress 1. The vehicle did not have license plates. *Id.* Driving by, the police noticed that the vehicle did not have license plates and decided to conduct a traffic stop. *Id.* While the officers were turning around, Mr. Carter left the gas station and pulled into the driveway of his aunt's house three blocks away. *Id.* The officers made contact with Mr. Carter who was still in the vehicle. After discovering that Mr. Carter did not have his identification, the officers ordered him out of the car. *Id.* As Mr. Carter exited the vehicle, the officers purport to have observed a firearm and suspected cocaine in plain view. *Id.* The officers handcuffed Mr. Carter and proceeded to search him and the vehicle. In Mr. Carter's pants pocket, the officers found suspected crack cocaine. *Id.* at 2. In the car, they recovered the firearm and found an additional bag of suspected crack cocaine. *Id.*

## II. Discussion

Mr. Carter seeks an order suppressing from trial all evidence found during the traffic stop. Def.'s Mot. to Suppress 2. As grounds for his motion, Mr. Carter argues that (1) ordering and removing Mr. Carter from the vehicle violated the Fourth Amendment; and (2) the search of Mr. Carter's pockets and vehicle violated the Fourth Amendment. *Id.* at 2-4. The Court will address each of Mr. Carter's arguments in turn.

### A. Whether ordering Mr. Carter from the vehicle violated the Fourth Amendment

Mr. Carter argues that the officers' removal of Mr. Carter from the vehicle was unreasonable, unjustified, and in violation of the Fourth Amendment, warranting suppression of all evidence. Def.'s Mot. to Suppress 2. As support, Mr. Carter points to *Pennsylvania v. Mimms*, in which the Supreme Court held that the police may order a driver out of a vehicle during a traffic stop. *Id.*; *Pennsylvania v. Mimms*, 434 U.S. 106 (1977). Mr. Carter insists that *Mimms* is not controlling due to factual differences in the present case.

In *Mimms*, two police officers observed Mimms driving an automobile with an expired license plate. *Mimms*, 434 U.S. at 107. The officers stopped the vehicle for the purposes of issuing a traffic summons. *Id.* One of the officers approached the vehicle and asked Mimms to step out of the car. *Id.* When he did, the officer noticed a large bulge under his jacket which turned out to be a gun. *Id.* The Supreme Court narrowed the question in the case to whether the order to get out of the car, issued after the driver was lawfully detained, was reasonable and permissible under the Fourth Amendment. *Id.* at 108. The Court answered in the affirmative, citing "the hazard of accidental injury from passing traffic to an officer" and "the inordinate risk confronting an officer as he approaches a person seated "in an automobile" as reasonable grounds. *Id.* at 110-111.[1] The Supreme Court concluded that having the lawfully detained driver stand alongside the vehicle was not a "serious intrusion

---

[1] "According to one study, approximately 30% of police shootings occurred when a police officer approached a suspect seated in an automobile." *Mimms*, 434 U.S. at 110 (quoting Bistrow, Police Officer Shootings—A Tactical Evaluation, 54 J. Crim. L.C. & P.S. 93 (1963).

3

upon the sanctity of the person," but a "mere inconvenience that cannot prevail when balanced against legitimate concerns for officer safety." *Id.* at 111.

Mr. Carter argues that the logic underpinning the reasonableness analysis in *Mimms* does not apply here because he was not stopped on the roadway but in a driveway. Def.'s Mot. to Suppress 4. Mr. Carter also argues that he suffered more than a "mere inconvenience" because he was ordered out of his car and handcuffed in front of family and friends rather than passing vehicles. *Id.* These factual distinctions do not make a substantive difference.

The Supreme Court in *Mimms* did not limit its holding to cases where vehicles are stopped on the roadway and the officers are at risk of passing traffic as Mr. Carter implies. In fact, "hazard of accidental injury from passing traffic" was the Court's secondary reason for concluding that the Fourth Amendment permitted an officer to order a driver out of the car—the first was the reasonable assurance of safety of the officer from a potentially dangerous suspect. *See Mimms*, 434 U.S. at 110-111. The Court stated that it has "specifically recognized the inordinate risk confronting an officer as he approaches a person seated in an automobile," and that it has before "expressly declined to accept the argument that traffic violations necessarily involve less danger to officers than other types of confrontations." *Id.* at 110. Therefore, even though the officers here were not threatened by ongoing traffic when they stopped Mr. Carter, they nonetheless had a legitimate reason for ordering Mr. Carter out of the car under *Mimms*, as Mr. Carter was indeed seated in his vehicle when the officers approached. *See* Def.'s Mot. to Suppress 1.

4

Mr. Carter's argument that he suffered more than a mere inconvenience can also be disposed of. Like in *Mimms*, Mr. Carter was justifiably stopped, and being ordered out of the car "expose[d] very little more of his person than was already exposed." *See Mimms*, 434 U.S. at 111. The fact that Mr. Carter was ordered out of the vehicle in front of his family does not necessarily raise the level of inconvenience endured.

### B. Whether the search of Mr. Carter's pockets and vehicles violated the Fourth Amendment

Mr. Carter next argues that when the police ordered him out of the car and proceeded to search him and then search the vehicle, they did so without probable cause in violation of the Fourth Amendment. Def.'s Mot. to Suppress 5. This argument is without factual and legal merit.

Prior to stopping Mr. Carter, the police observed that he was operating a vehicle without current registration plates attached to the vehicle in violation of Wisconsin Statute § 341.15(3). Upon stopping and approaching the vehicle, the officers discovered that Mr. Carter did not have any identification on him in violation of Wis. Stat. § 343.18. Thus, by the time the officers ordered Mr. Carter out of the car, they had probable cause to believe that two traffic offenses had been committed.

"Traffic stops supported by probable cause are arrests, with all the implications that follow from probable cause to believe that an offense has been committed." *United States v. Childs*, 277 F.3d 947, 953 (7th Cir. 2002) (discussing *Whren v. United States*, 517 U.S. 806 (1996)). As the government points out,

5

"pursuant to a defendant's lawful arrest, the officers could reasonably conduct a warrantless search of his person, and the area within his immediate control (including his vehicle), incident to arrest." Gov't Resp. 3 (citing *Chimel v. California*, 395 U.S. 752 (1969)).

Mr. Carter disputes that the police arrested him for a traffic violation or that they legally could have. Instead, Mr. Carter insists that the officers arrested him for the narcotics and gun that they purport to have observed in "plain view," and that whether or not the contraband was indeed in plain view is a material factual dispute. *See* Def.'s Mot. to Suppress 5. The Court need not decide whether the contraband was in plain view because the case law makes clear that when the police have probable cause to believe that the car's driver had committed traffic offenses, arrest is justified. *See Childs*, 277 F.3d at 953. Furthermore, a person stopped on probable cause may be searched fully. *Id.* at 952 (citing *United States v. Robinson*, 414 U.S. 218 (1973). Both the search of Mr. Carter's pockets and the search of the vehicle, which was limited to the area within Mr. Carter's immediate control, were legally permissible.

### III. Conclusion

The officers in this case did not violate the Fourth Amendment when they ordered Mr. Carter out of his vehicle and searched his person and the vehicle incident to a lawful arrest. Accordingly, the Court will recommend that the district judge deny Mr. Carter's motion to suppress and request for evidentiary hearing.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Xavier Carter's motion to suppress evidence, ECF No. 17 be **DENIED**.

Your attention is directed to General L. R. 72(c) (E.D. Wis.), 28 U.S.C. § 636(b)(1)(B), and Federal Rules of Criminal Procedure 59(b) or 72(b), if applicable, whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2019.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge