UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 18-cr-169-pp

XAVIER CARTER,

        Defendant.

**ORDER ADOPTING RECOMMENDATION (DKT. NO. 24), DENYING MOTION TO SUPPRESS AND SETTING DEADLINE FOR JOINT STATUS REPORT**

**I.    Report and Recommendation**

On August 14, 2018, the grand jury indicted defendant Xavier Carter on three counts: being a felon in possession of a firearm (18 U.S.C. §922(g)(1)), possession of cocaine base with intent to distribute (21 U.S.C. §841(a)(1)) and possession of a firearm in furtherance of a drug trafficking offense (18 U.S.C. §924(c)(1)(A)(i)). Dkt. No. 1. A little over two months later, the defendant filed a motion to suppress evidence, asking for an evidentiary hearing. Dkt. No. 17. He argued that in taking him out of his car and searching the car and the defendant's pockets, officers violated the Fourth Amendment. Id. The government responded that the officers had probable cause to arrest the defendant because he'd violated a traffic stop, and that they had authority to search him and the car because they observed a gun in plain view and had the authority to search incident to arrest. Dkt. No. 19. In his reply, the defendant also argued that his arrest was unlawful, because the officers didn't arrest him for the traffic violations or the gun, but for the observation of the cocaine base

on the floor of the car. Dkt. No. 21. He disputed that the officer could have observed the crack on the floor. Id. at 4-5. While Magistrate Judge Jones scheduled an evidentiary hearing, the government filed a supplemental response arguing that the hearing was not necessary, because one of the officers had activated his body camera, and the video footage showed that the officers had probable cause to arrest the defendant. Dkt. No. 23.

Judge Jones canceled the evidentiary hearing, and on March 12, 2019, issued a report recommending that this court deny the motion to suppress. Dkt. No. 24. He found that under Pennsylvania v. Mimms, 434 U.S. 106 (1977), officers had a legitimate reason for ordering the defendant out of the car. Dkt. No. 24 at 4. He also concluded that the officers had probable cause to stop the defendant (his car didn't have current registration plates), cause to order him out of the car (because he did not have identification on him), that the valid traffic stop constituted an arrest supported by probable cause, and that the arrest with probable cause justified the search. Id. at 5-6. Judge Jones recommended that this court deny the motion to suppress.

The defendant has not objected to that recommendation. Under Fed. R. Crim. P. 59(b), a party must object within fourteen days of the issuance of the report and recommendation. "Failure to object in accordance with this rule waives a party's right to review." Id. "Portions of a recommendation to which no party objects are reviewed for clear error." United States v. Wright, Case No. 09-CR-287, 2010 WL 1727918 (Apr. 27, 2010) (citing Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted)).

Judge Jones committed no clear error. The defendant appears to realize that the officers had reason to pull him over; he gave little attention to that argument in his reply brief. As for the search, the defendant makes much of the fact that he believes the officers arrested him based on items that he says were not in plain view. Judge Jones correctly noted, however, that the traffic stop itself constituted an arrest—and one that was supported by probable cause. Perhaps the officers decided to take the defendant into custody because of the gun, or the drugs, but the Fourth Amendment issue is whether they had a valid basis for conducting the traffic stop (which was, for all intents, an arrest). They did, and Judge Jones did not commit clear error in finding as much.

The court adopts Judge Jones's report and recommendation.

## II. Next Steps

As the court had ordered them to do, the parties filed a status report on April 12, 2019. Dkt. No. 28. It indicates that the parties likely have reached a resolution, but that they need additional time to formalize the agreement. They asked the court to schedule another status date in about thirty days, and note that if they are able to reach agreement before the next status report is due, they'll file the plea agreement and contact chambers to ask for a change-of-plea hearing. The court will grant the parties' request.

## III. Conclusion

The court **ADOPTS** Judge Jones's report and recommendation. Dkt. No. 24.

The court **ORDERS** that the defendant's motion to suppress is **DENIED**. Dkt. No. 17.

The court **ORDERS** that by the end of the day on May 16, 2019, the parties shall file a joint status report, advising the court whether they need new final pretrial conference and trial dates (in which case the court will set a scheduling conference), or whether they anticipate needing a change-of-plea hearing (the court will schedule a change of plea hearing once an executed plea agreement has been filed), or additional time (in which case, the court asks the parties to indicate how much additional time they need). If the parties file an executed plea agreement prior to May 16, 2019, they do not need to file the status report.

The court further **ORDERS** that the time between April 13, 2019 and May 16, 2019 is **EXCLUDED** from the Speedy Trial calculation under 18 U.S.C. §§3161(h)(7)(A) and (h)(7)(B)(iv), because the interests of justice outweigh the interests of the parties and the public in a speedy trial, and because failure to do so would deny the parties the reasonable time necessary to prepare, taking into account the exercise of due diligence.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**